IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HAROLD MILLER
2654 HOARD STREET
MADISON, WI 53704, AND

DARICE FOWLER
3712 HANOVER STREET
MADISON, WI 53704

    Plaintiffs,

Case No. 11-CV-381

v.

KRAFT FOODS GLOBAL INC.
910 MAYER AVENUE
MADISON, WI 53704

    Defendants.

## COMPLAINT

Plaintiffs, Harold Miller and Darice Fowler, through their attorneys, Arellano & Phebus, S.C., by Victor M. Arellano and Douglas J. Phebus, allege as follows:

### I.
### NATURE OF THE CASE

1. The Plaintiff, Harold Miller, (hereinafter "Miller"), is an African American Male. He is a U.S. citizen who is employed by Kraft Foods Global Inc. (a/k/a Oscar Mayer). Miller's position is located at 910 Mayer Avenue, Madison, Wisconsin 53704. He brings this action pursuant to 42 U.S.C § 1981, et seq, and 42 U.S.C. § 2000-3 (Title VII).

2. The Plaintiff, Darice Fowler, (hereinafter "Fowler"), is an African American Female. She is a U.S. citizen who was employed by Kraft Foods Global Inc. (a/k/a

Oscar Mayer). Fowler's position was located at 910 Mayer Avenue, Madison, Wisconsin 53704. She brings this action pursuant to 42 U.S.C § 1981, et seq, and 42 U.S.C. § 2000-3 (Title VII).

3. The plaintiffs seek redress for acts and/or omissions taken by defendants' agents, representatives, and administrators who discriminated against plaintiff with respect to terms and conditions of their employment including the termination of both Miller and Fowler.

4. Plaintiffs seek compensation and relief in the form of compensatory damages, wage loss and benefits, front pay, punitive damages, attorney's fees and costs as prescribed by 42 U.S.C. § 1981, et seq, and 42 U.S.C. § 2000-3 (Title VII).

## II.
## JURISDICTION & VENUE

5. The United States District Court for the Western District of Wisconsin has jurisdiction over this matter by virtue of the statutory power vested upon it by the U.S. Congress and 42 U.S.C. § 2000-3 (Title VII) and 42 U.S.C. § 1981.

6. Venue lies within the Western District of Wisconsin because all events material to the Complaint occurred within the jurisdictional area of this Court; namely, the County of Dane, State of Wisconsin.

## III.
## THE PARTIES

7. Plaintiff Harold Miller is an African American male. Miller is a United States Citizen, who currently resides at 2654 Hoard Street, Madison, Wisconsin 53704.

8. Plaintiff Darice Fowler is an African American female. Fowler is a United States Citizen, who currently resides at 3712 Hanover Street, Madison, Wisconsin 53704.

9. Kraft Foods Global Inc. (hereinafter "Kraft") is a foreign corporation doing business in Wisconsin. Kraft has a mailing address of 910 Mayer Avenue, Madison, Wisconsin 53707. Kraft is an "employer" as defined by 42 U.S.C. § 2000e-3 (Title VII) and 42 U.S.C. § 1981.

## IV.
## CLAIMS

10. The plaintiffs re-allege the preceding paragraphs 1-9 if as set forth in full herein.

11. Harold Miller was terminated by Kraft for having a personal cell phone in the plant on June 8, 2009.

12. On February 7, 2008, Darice Fowler was terminated by Kraft for having a personal cell phone in the plant.

13. Darice Fowler and Harold Miller are the only two employees that Kraft has fired for having a cell phone in the plant.

14. Kraft has extensive knowledge that similarly situated employees to Miller and Fowler routinely have cell phones in the plant. Kraft has never disciplined these similarly situated employees who are non-African American.

15. The similarly situated Caucasian employees who regularly carry cell phones within the plant include Mike Valentine, Patricia Grove, Steve Ehler, Greg Statz, Beverly Hornat, Jeff Ball, Joe Peterson, and Tom Seehafer. All of these employees routinely carried their cell phones within the plant, with the knowledge of their

managers/supervisors during the same time period during which Kraft contended that Miller and Fowler violated a company policy by having a cell phone within the plant.

16. Managers, supervisors, line techs, and other employees carry personal cell phones within the Company premises. Some supervisors carry cell phones or push-to-talk radios in the plant.

17. Managers have seen employees in the plant with personal cell phones. Managers have observed employees on their cell phones on the third floor by the cafeteria, outside the shipping cooler, and in the office.

18. Kraft has enforced a rule against cell phones within the plant by terminating Miller and Fowler who are both African-American. This rule only applies to African-American employees as Kraft knowingly allows similarly situated white employees to carry cell phones within the plant.

19. Fowler was terminated under a progressive discipline policy. The prior disciplines under the progressive policy were the result of discriminatory acts by the defendant based on Fowler's race and color. Without those prior disciplines she would not have been terminated for the cell phone possession. The Wisconsin Equal Rights division has adjudicated that Kraft discriminated against Fowler based on her race and color when it suspended Fowler for having the cell phone in her possession. That incident is the same incident for which Kraft went on to terminate Fowler. Kraft has appealed this decision to the Wisconsin Labor and Industry Review Commission.

20. Plaintiffs have been retaliated against because they opposed discipline by defendant which was motivated by their race and color. Subsequent to those complaints, Kraft had management go through the plant and photograph only the

African-American employees throughout the plant. Management intended to use the photos to prosecute discipline against only African-American employees. Taking mug shots of only the African-American employees was belittling and offensive to the Plaintiffs. Attached as Exhibit "A" is a complaint signed by sixteen African-American employees confirming Kraft's policy of taking mug shots of only African-American employees and requesting that Kraft stops discriminating against African-American employees.

21. Plaintiffs assert that defendant has engaged in a prohibited practice in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000-3 (Title VII), which prohibits discriminating as to the terms and conditions of their employment based on race. They were both subjected to a tangible employment action, termination, which resulted in lost wages and pain and suffering.

22. Plaintiffs assert that as a result of the alleged wrongful conduct on the part of the Kraft they suffered wage loss, loss of opportunities and benefits, suffered emotional upset and humiliation, and have incurred legal fees and costs all of which they are entitled to recover pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000-3 (Title VII).

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A. Compensatory damages including but not limited to lost wages and benefits;

B. Compensatory damages for the emotional pain, suffering, inconvenience, and mental anguish, and

C. Liquidated damages, punitive damages, future damages, front pay, costs, and attorney's fees.

**PLAINTIFFS DEMAND A JURY OF TWELVE.**

Dated this 27th day of May, 2010.

        ARELLANO & PHEBUS, S.C.
        Attorneys for Plaintiffs.

        /s/ Douglas J. Phebus
        Douglas J. Phebus
        State Bar No. 1029524
        dphebus@aplawoffice.com
        Victor M. Arellano
        State Bar No: 1011684
        varellano@aplawoffice.com
        1468 N. High Point Road, Suite 202
        Middleton, WI  53562
        Telephone:  (608) 827-7680